FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2014 3:05:50 PM
STEPHEN T. PACHECO

byh

**STATE OF NEW MEXICO**
**FIRST JUDICIAL DISTRICT**
**COUNTY OF RIO ARRIBA**

**DOLORES TAPIA,**
on her own behalf and as
mother, general guardian, and next friend of
S.T. and G.T.,

       Plaintiff,

**vs.**                         No.  D-117-CV-2014-00153
                                         _____

**CITY OF ESPANOLA,**
**CITY OF ESPANOLA POLICE DEPARTMENT,**
and **JOHN VIGIL,**

       Defendants.

---

### COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983, AND STATE TORT VIOLATION

       COMES NOW Dolores Tapia, on her own behalf and as mother, general

guardian, and next friend of her minor children, S.T. and G.T., by and through EGOLF,

FERLIC, and DAY, LLC, and brings this complaint pursuant to the United States

Constitution, 42 U.S.C. § 1983, and New Mexico tort law against the City of Espanola

("COE"), the City of Espanola Police Department ("COEPD"), and Officer John Vigil for

violation of civil and constitutional rights and tort.

### PARTIES

    1.    Dolores Tapia has four minor children: S.T., C.R.T., G.T., and C.T.T.

2.  On the day of the incidents giving rise to this suit, twins C.R.T. and C.T.T. were ten, S.T. was fourteen, and G.T. was fifteen.

3.  Ms. Tapia and her minor children are residents of Espanola and were residents of Espanola at the time giving rise to these allegations.

4.  The COE is a duly-organized municipality in Rio Arriba County.

5.  The COEPD is organized by the Code of the City of Espanola and authorized under state law.  NMSA 1978, Section 3-13-2 (1965, as amended through 1988); Espanola City Code Section 94-2.

6.  The COE has hiring and firing authority over all members of the COEPD.

7.  Officer Vigil was, at all times material to this complaint, an employee of the COE and/or the COEPD.

8.  Officer Vigil was, at all times material to this complaint, acting under color of state law.

9.  Officer Vigil is a "law enforcement officer" as defined by the New Mexico Tort Claims Act.  NMSA 1978, Section 41-4-3(D) (1976, as amended through 2013).

10.  The COE is a person for the purpose of 42 U.S.C. § 1983.

11.  The COEPD is a person for the purpose of 42 U.S.C. § 1983.

12.  The COE is a governmental entity for the purpose of the New Mexico Tort Claims Act.  Section 41-4-3(B).

13.  The COEPD is a governmental entity for the purpose of the New Mexico Tort Claims Act.  *Id.*

14. The COE does not have eleventh amendment immunity from suit for the claims made herein.

15. The COEPD does not have eleventh amendment immunity from suit for the claims made herein.

16. At all times material hereto, Officer Vigil was an agent and employee of the COE and the COEPD.

17. At all times material hereto, Officer Vigil was acting within the scope of his duties.

18. Defendants COE and COEPD are governmental entities required to pay any judgment from constitutional violations that occurred within the scope of their employee's duties pursuant to the New Mexico Tort Claims Act.

19. Defendants COE and COEPD are vicariously liable for the conduct of Officer Vigil through the doctrine of respondeat superior, and other doctrines of vicarious liability.

20. Defendants COE and COEPD are liable for their own conduct in negligent hiring, negligent training, negligent supervision, and negligent retention of Officer Vigil.

## JURISDICTION AND VENUE

21. As a Court of general jurisdiction, this Court has subject matter jurisdiction herein. *See* N.M. Const. Art. VI, Sec. 13.

22. Personal jurisdiction and venue are proper in this Court pursuant to 1978 NMSA, Sections 38-3-1 (G) (1875-76, as amended through 1988) and 38-3-2 (1939).

23.  The Tapias reside in Rio Arriba County.

24.  The COE and the COEPD are located in Rio Arriba County.

25.  All of the acts complained of occurred exclusively within Espanola, Rio Arriba County.

26.  Defendant COE is duly organized under state statute, is responsible for the actions of its employees and agents, is a person for the purposes of 42 U.S.C. § 1983, and at all times pertinent herein was acting under color of state law.

27.  Defendant COEPD is duly organized under state statute, is responsible for the actions of its employees and agents, is a person for the purposes of 42 U.S.C. § 1983, and at all times pertinent herein was acting under color of state law.

28.  Officer Vigil was or is an employee of the COE and/or the COEPD and, at all material times, was acting in the course and scope of his employment and under color of state law.

**FACTUAL BACKGROUND**

29.  On or about the evening of June 20, 2012, Dolores Tapia arrived home from church with her sons, S.T. and C.T.T.

30.  As they neared the Tapia home, Ms. Tapia, S.T., and C.T.T. saw a man, subsequently identified as Officer John Vigil, inside the family's van, rummaging through the glove compartment.

31.  It was dark and the Tapias could not see Vigil's uniform or that he was a police officer.

32.  Vigil's police car was blocking the Tapias' driveway so that Ms. Tapia could not pull in.

4

33.   Mr. Vigil and Ms. Tapia had never met; Ms. Tapia did not know who Mr.
Vigil was or why he was in her van looking through her personal property.

34.   Ms. Tapia had not given consent to Mr. Vigil to be inside her van or searching
through her glove compartment.

35.   Ms. Tapia exited the vehicle she was driving and approached her van and
Officer Vigil.

36.   It was only as she got closer to Officer Vigil that Ms. Tapia recognized him as
a police officer.

37.   Ms. Tapia asked Officer Vigil what he was doing inside her van looking
through her personal property.

38.   Officer Vigil responded that he was a police officer and "could do whatever
he wanted."

39.   Officer Vigil asked Ms. Tapia "what the fuck is going on here?"

40.   Officer Vigil asked whether Ms. Tapia had any "fucking kids" in her home.

41.   Officer Vigil then yelled at Ms. Tapia that one of her children had thrown a
nerf football at his police unit.

42.   Officer Vigil stated that he was going to arrest Ms. Tapia and her son for her
son's having thrown the nerf football at his car.

43.   Ms. Tapia apologized for her son's having thrown a nerf football at Officer
Vigil's car.

44.   Ms. Tapia then called G.T. and C.T.T. outside and asked them to apologize to
Officer Vigil.

45.   When the boys came outside, Officer Vigil became even angrier and began to threaten them and their mother with profanities.

46.   When ten year-old C.T.T. tried to explain that it had been an accident, Officer Vigil told him that no one was talking to him and to "shut the fuck up."

47.   Ms. Tapia asked Officer Vigil to call his supervisor to defuse the situation.

48.   Officer Vigil's supervisor, Jose Talache, and approximately four other police officers arrived at the scene.

49.   Ms. Tapia began to recount to the other officers Officer Vigil's searching through her car, threatening to arrest her and her son, yelling, cursing at her children, and other details of his aggressive angry outburst.

50.   Officer Vigil interrupted Ms. Tapia, ordered her to stop talking, and stated "I'm not afraid of you."

51.   He then stepped closer to Ms. Tapia in an intimidating manner and said "Do you think I am scared of you because my supervisor is here?"

52.   When Ms. Tapia answered "I am not afraid of you" or "I do not care if you are afraid of me," Officer Vigil lunged at her and looked as if he was going to hit her.

53.   Fearing that Officer Vigil would hurt his mother, S.T. stepped in and told Officer Vigil that he "did not have the right" and to back away from his mother.

54.   Officer Vigil then grabbed fourteen year-old S.T. around the neck with both his hands and began to choke him.

55. While Officer Vigil was choking S.T. with his hands, he picked him up so that S.T.'s feet were dangling above ground and shook him.

56. S.T. could not breathe, and was gasping for air and make choking noises.

57. S.T.'s face turned bright red, and then blue.

58. Officer Vigil yelled at S.T. as he was choking him.

59. Officer Vigil shook and choked S.T. for approximately ten to fifteen seconds.

60. Two other officers pulled Officer Vigil off of S.T., with the help of G.T.

61. Officer Vigil then lunged at fifteen year-old G.T., swinging his fists toward G.T.'s face.

62. G.T. dodged Officer Vigil and ran.

63. Officer Vigil ran after G.T. and commanded him to stop, presumably so Officer Vigil could punch the boy.

64. Officer Vigil chased G.T. into the street, yelling at him to stop, and swinging punches at him.

65. C.R.T. and C.T.T. began to cry, and ran away from Officer Vigil into their home for safety.

66. The other officers ultimately got between Officer Vigil and G.T. and directed G.T. to return to his front yard, while keeping Officer Vigil in the street, away from the Tapia family.

67. Officer Talache told the family that they had the right to press charges against Officer Vigil.

68. After the attack, S.T. was treated in the emergency room for severe throat pain, nausea, a throbbing headache, and labored breathing.

69.   The Tapias made a formal report of Officer Vigil's conduct to the COEPD.

70.   At the time of this incident, COEPD had no one assigned or qualified to conduct internal affairs investigations.

71.   On information and belief, no internal affairs investigation of Officer Vigil's conduct toward the Tapia family was ever conducted.

72.   On information and belief, Officer Vigil was never disciplined for his conduct toward the Tapia family.

73.   Since the incident, the boys are afraid of police officers and specifically Officer Vigil.

74.   The boys fear for their personal safety, as well as the safety of their mother.

75.   The family fears that Officer Vigil may retaliate against them.

76.   On information and belief, Officer Vigil has a history of inappropriate angry outbursts, physical aggression, and violence.

77.   Lieutenant Christian Lopez of COEPD conducted Officer Vigil's pre-hiring background investigation.

78.   Lieutenant Lopez was aware of Officer Vigil's reputation as a "hothead" who was quick to anger.

79.   Lieutenant Lopez recommended that the COE/COEPD *not hire* Officer Vigil because of his failure to disclose certain information on a pre-hiring questionnaire and because of an incident where he aggressively accosted another COEPD officer in the police station parking lot.

80.　On information and belief, Officer Vigil was fired from another law enforcement agency prior to his hire at COE/COEPD for losing his temper and flying into a rage with a supervisor.

81.　The COE and the COEPD had knowledge of Officer Vigil's violent history and his being fired from a prior law enforcement job for his violent temper and inappropriate outbursts.

82.　The COE and COEPD disregarded Lieuntant Lopez's recommendation and warning about Officer Vigil's propensity for inappropriate angry outbursts, physical aggression, and violence and hired him anyway.

83.　Once the COE/COEPD hired Officer Vigil, it did not effectively train or supervise him despite the obvious risk of harm to the citizens of Espanola.

84.　THE COEPD is not an accredited law enforcement agency and, on information and belief, does not have policies in place governing its officers' use of force, exercise of authority, or relations with the community.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I:  UNREASONABLE SEARCH OF DOLORES TAPIA'S VAN UNDER THE FOURTH AMENDMENT TO THE UNITED STATE CONSTITUTION AND 42 U.S.C. § 1983

85.　The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

86.　Dolores Tapia has a right to be free from unreasonable searches under the Fourth Amendment of the United States Constitution.

87.　In order to be reasonable, a search generally must be supported by a warrant.

88. Officer Vigil did not have a warrant to enter and search Dolores Tapia's van, and no exception to the warrant requirement is applicable.

89. Officer Vigil's search of Dolores Tapia's van was unreasonable.

90. By conducting a warrantless search of Dolores Tapia's van, Officer Vigil violated Dolores Tapia's Fourth Amendment right to be free from unreasonable searches.

91. Dolores Tapia was damaged by Officer Vigil's warrantless search of her van.

92. The Fourth Amendment right to be free from unreasonable search was clearly established at the time of the violation and one of which a reasonable person would have known.

93. Officer Vigil's actions were taken under the color of state law.

94. Officer Vigil was acting within the scope of his duties and employment when he illegally searched Dolores Tapia's van.

95. Neither Officer Vigil, the COE, nor the COEPD enjoy qualified immunity for violation of Dolores Tapia's constitutional rights.

96. Officer Vigil, the COE and COEPD waived their immunity from suit under NMSA, Section 41-4-12.

97. Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

98. Defendants COE and COEPD authorized, supervised, participated in, or ratified Officer Vigil's deprivation of Dolores Tapia's constitutional rights and are liable for the actions of Officer Vigil in the scope of his employment, and for punitive damages.

## COUNT II:  UNREASONABLE SEIZURE OF AND EXCESSIVE USE OF FORCE AGAINST S.T. UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

99.     The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

100.    S.T. has a right to be free from unreasonable seizure and excessive force under the Fourth Amendment of the United States Constitution.

101.    S.T. was not accused or suspected of any crime or criminal activity on June 20, 2012.

102.    S.T. did not pose a risk of safety to Officer Vigil or any other individual on June 20, 2012.

103.    S.T. was not resisting or evading a lawful arrest on June 20, 2012.

104.    Officer Vigil violated S.T.'s Fourth Amendment right to be free from unreasonable seizure and excessive force by law enforcement by grabbing S.T. around the neck with both hands, choking, and shaking him so that his feet were off the ground.

105.    Officer Vigil's seizure of S.T. was not justified at its inception or reasonably related in scope to the circumstances which justified the interference in the first place.

106.    Officer Vigil's seizure of S.T. and the force used was excessive, patently unreasonable, and absolutely intolerable in a civilized society.

107.   The Fourth Amendment right to be free from unreasonable seizure was clearly established at the time of the violation and one of which a reasonable person would have known.

108.   The Fourth Amendment right to be free from excessive force by law enforcement was clearly established at the time of the violation and one of which a reasonable person would have known.

109.   As a direct and proximate result of Officer Vigil's conduct set forth above, S.T. suffered physical injury, mental distress, fear, severe anxiety, emotional suffering, and other damages.

110.   Officer Vigil's actions were taken under the color of state law.

111.   Officer Vigil was acting within the scope of his duties and employment when he violated S.T.'s Fourth Amendment rights.

112.   Neither Officer Vigil, the COE, nor the COEPD enjoy qualified immunity for violation of S.T.'s constitutional rights.

113.   Officer Vigil, the COE and COEPD waived their immunity from suit under NMSA, Section 41-4-12.

114.   Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

115.   Defendants COE and COEPD authorized, supervised, participated in, or ratified Officer Vigil's deprivation of S.T.'s constitutional rights and are liable for the actions of Vigil in the scope of his employment, and for punitive damages.

12

## COUNT III:  UNREASONABLE SEIZURE OF AND EXCESSIVE USE OF FORCE AGAINST G.T. UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

116.   The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

117.   G.T. has a right to be free from unreasonable seizure and excessive force under the Fourth Amendment of the United States Constitution.

118.   G.T. was not accused or suspected of any crime or criminal activity on June 20, 2012.

119.   G.T. did not pose a risk of safety to Officer Vigil or any other individual on June 20, 2012.

120.   G.T. was not resisting or evading a lawful arrest on June 20, 2012.

121.   Officer Vigil violated G.T.'s Fourth Amendment right to be free from unreasonable seizure and excessive force by law enforcement by lunging at him, attempting to punch him in the face, chasing him, and commanding him to stop, presumably so that Officer Tapia could punch him.

122.   Officer Vigil's seizure of G.T. was not justified at its inception or reasonably related in scope to the circumstances which justified the interference in the first place.

123.   Officer Vigil's seizure of G.T. was unreasonable.

124.   The Fourth Amendment right to be free from unreasonable seizure was clearly established at the time of the violation and one of which a reasonable person would have known.

125.  The Fourth Amendment right to be free from excessive force by law enforcement was clearly established at the time of the violation and one of which a reasonable person would have known.

126.  As a direct and proximate result of Officer Vigil's conduct set forth above, G.T. suffered mental distress, fear, severe anxiety, emotional suffering, and other damages.

127.  Officer Vigil's actions were taken under the color of state law.

128.  Officer Vigil was acting within the scope of his duties and employment when he violated G.T.'s Fourth Amendment rights.

129.  Neither Officer Vigil, the COE, nor the COEPD enjoy qualified immunity for violation of G.T.'s constitutional rights.

130.  Officer Vigil, the COE and COEPD waived their immunity from suit under NMSA, Section 41-4-12.

131.  Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

132.  Defendants COE and COEPD authorized, supervised, participated in, or ratified Officer Vigil's deprivation of G.T.'s constitutional rights and are liable for the actions of Officer Vigil in the scope of his employment, and for punitive damages.

## STATE LAW CLAIMS

### COUNT IV: FALSE IMPRISONMENT OF S.T.

133.    The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

134.    Officer Vigil caused S.T. to be falsely and unlawfully imprisoned against his will and had no authority to do so.

135.    Officer Vigil's actions resulted in personal injury to S.T., including bodily injury and mental anguish, for which he is liable.

136.    As a direct and proximate result of Officer Vigil's false imprisonment of S.T., S.T. suffered physical injury, mental distress, fear, severe anxiety, emotional suffering, and other damages.

137.    Officer Vigil's actions were taken under the color of state law.

138.    Officer Vigil was acting within the scope of his duties and employment when he falsely imprisoned S.T.

139.    Neither Officer Vigil, the COB, nor the COEPD enjoy qualified immunity for false imprisonment of S.T.

140.    Officer Vigil, the COB and COEPD waived their immunity from suit under NMSA, Section 41-4-12.

141.    Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

142.    Defendants COB and COEPD authorized, supervised, participated in, or ratified Officer Vigil's false imprisonment of S.T. and are liable for the

actions of Officer Vigil in the scope of his employment, and for punitive damages.

### COUNT V: ASSAULT AND BATTERY OF S.T.

143. The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

144. Officer Vigil assaulted and battered S.T. by grabbing S.T. around the neck with both his hands, choking, shaking, and holding him above the ground.

145. Officer Vigil put S.T. in reasonable fear of suffering an immediate battery, causing S.T. to fear for his personal safety and his life.

146. As a direct and proximate result of Officer Vigil's conduct set forth above, S.T. suffered physical injury, mental distress, fear, severe anxiety, emotional suffering, and other damages.

147. Officer Vigil's actions were taken under the color of state law.

148. Officer Vigil was acting within the scope of his duties and employment when assaulted and battered S.T.

149. Neither Officer Vigil, the COE, nor the COEPD enjoy qualified immunity for assault and battery of S.T.

150. Officer Vigil, the COE and COEPD waived their immunity from suit under NMSA, Section 41-4-12.

151. Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

152. Defendants COE and COEPD authorized, supervised, participated in, or ratified Officer Vigil's assault and battery of S.T.'s constitutional rights and

are liable for the actions of Officer Vigil in the scope of his employment, and for punitive damages.

## COUNT VI: ASSAULT OF G.T.

153.   The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

154.   Officer Vigil assaulted G.T. by chasing him into the street and trying to punch him in the face.

155.   Defendant Officer Vigil put G.T. in reasonable fear of suffering an immediate battery, causing G.T. to fear for his personal safety.

156.   As a direct and proximate result of Officer Vigil's conduct set forth above, G.T. suffered mental distress, fear, severe anxiety, emotional suffering, and other damages.

157.   Officer Vigil's actions were taken under the color of state law.

158.   Officer Vigil was acting within the scope of his duties and employment when he assaulted G.T.

159.   Neither Officer Vigil, the COB, nor the COBPD enjoy qualified immunity for assaulting G.T.

160.   Officer Vigil, the COB and COBPD waived their immunity from suit under NMSA, Section 41-4-12.

161.   Officer Vigil's conduct was malicious, willful, reckless, and wanton, and he is liable for punitive damages.

162.   Defendants COB and COEPD authorized, supervised, participated in, or ratified Officer Vigil's assault of G.T. and are liable for the actions of Officer Vigil in the scope of his employment, and for punitive damages.

## COUNT VII:  NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

163.   The Tapias reallege and reassert all prior paragraphs of this Complaint as if fully set forth herein.

164.   Defendants COB and COEPD had actual knowledge of Officer Vigil's prior history of inappropriate angry outbursts, physical aggression, and violence.

165.   Defendants COB and COEPD should have never hired Officer Vigil.

166.   Defendants COB and COEPD knew or should have known that Officer Vigil would abuse the authority of his position to harass, threaten, intimidate, assault, and/or batter citizens, including children.

167.   Officer Vigil was not properly trained or supervised and the risks were foreseeable to COB and COEPD.

168.   Defendants COB and COEPD authorized, participated in, supervised, and ratified the conduct of Officer Vigil.

169.   Even after knowledge of the incidents delineated herein, Defendants COB and COEPD did not conduct an internal affairs investigation or discipline Officer Vigil in any manner.

170.   Defendants COB and COEPD did not exercise reasonable care and were negligent in the hiring, training, supervision, and/or retention of Officer Vigil.

171.   The negligence of Defendants COB and COEPD proximately caused the Tapias' injuries.

**WHEREFORE**, Plaintiff respectfully prays for and demands judgment against all Defendants as follows:

(a)  compensatory damages, including for physical injury, mental distress, fear, severe anxiety, emotional suffering, and other consequential, incidental, and special damages, under any and all of the causes of action, in an amount to be determined at trial in this cause;

(b)  punitive and exemplary damages under the claims set forth herein against the individual Defendant, against the COE and COEPD pursuant to the doctrine of respondeat superior, and against the COE and COEPD directly, in an amount to be determined at trial in this cause;

(c)  prejudgment and post judgment interest, all in amounts to be determined according to law;

(d)  reasonable costs and attorneys' fees incurred in bringing this action; and

(e)  any other such further relief as the Court deems just and proper.

Respectfully submitted,

EGOLF, FERLIC & DAY, LLC

By:_____
John W. Day
Jamison Barkley
128 Grant Ave., Suite 301
Santa Fe, NM 87501
(505) 986-9641
fax (505) 214-2005

*Attorneys for Plaintiffs*

20

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/2/2014 8:57:57 AM
STEPHEN T. PACHECO

LMP

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse /P.O. Drawer 40<br>Tierra Amarilla, New Mexico 87575<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-117-CV-2014-00153<br><br>Assigned Judge:<br>The Hon. Sheri A. Raphaelson |
| Plaintiff(s):<br>Dolores Tapia,<br>S.T. and G.T., minor children<br><br>v.<br><br>Defendant(s):<br>City of Española,<br>City of Española Police Department,<br>and John Vigil | Defendant<br>Name:<br>City of Española Police Department<br>c/o Deputy Chief Richard Gallegos<br><br>Address:<br>   1316 Calle Adelante, Suite E<br>   Española, New Mexico 87532 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County___, New Mexico, this 2nd day of May , 2014.

 

By:____/s/ Jamison Barkley_____
Name:  Jamison Barkley
Address: 128 Grant Ave. Suite 301
Santa Fe, NM 87501
Telephone: (505) 986-9641; Fax: (505) 214-2005
Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                             )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/2/2014 8:57:57 AM
~~STEPHEN~~ T. PACHECO

LMP

| **SUMMONS** | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse /P.O. Drawer 40<br>Tierra Amarilla, New Mexico  87575<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-117-CV-2014-00153<br><br>Assigned Judge:<br>The Hon. Sheri A. Raphaelson |
| Plaintiff(s):<br>Dolores Tapia,<br>S.T. and G.T., minor children<br><br>v.<br><br>Defendant(s):<br>City of Española,<br>City of Española Police Department,<br>and John Vigil | Defendant<br>Name:  City of Española<br>       c/o City Clerk<br><br>Address:<br>     405 W. Paseo de Oñate<br>     Española, New Mexico 87532 |

## TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

**1.**	A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**	You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court□s address is listed above.

**3.**	You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**	If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**	You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**	If you need an interpreter, you must ask for one in writing.

**7.**	You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 2nd day of May, 2014.

 

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY _____
         Deputy

/s/Jamison Barkley
Name:  Jamison Barkley
Address: 128 Grant Ave. Suite 301
Santa Fe, NM 87501
Telephone: (505) 986-9641; Fax: (505) 214-2005
Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/2/2014 8:57:57 AM
~~STEPHEN~~ T. PACHECO

LMP

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse /P.O. Drawer 40<br>Tierra Amarilla, New Mexico 87575<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-117-CV-2014-00153<br><br>Assigned Judge:<br>The Hon. Sheri A. Raphaelson |
| Plaintiff(s):<br>Dolores Tapia,<br>S.T. and G.T., minor children<br><br>v.<br><br>Defendant(s):<br>City of Española,<br>City of Española Police Department,<br>and John Vigil | Defendant<br>Name:<br>Officer John Vigil<br>c/o Deputy Chief Richard Gallegos<br><br>Address:<br>    1316 Calle Adelante, Suite E<br>    Española, New Mexico 87532 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court‌s address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 2nd day of May, 2014.

 

By: _/s/Jamison Barkley_

Name: Jamison Barkley

Address: 128 Grant Ave. Suite 301

Santa Fe, NM 87501

Telephone: (505) 986-9641; Fax: (505) 214-2005

Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/23/2014 3:46:18 PM
STEPHEN T. PACHECO
Jessica Garcia

# SUMMONS

| District Court: FIRST JUDICIAL | Case Number: |
| Rio Arriba County, New Mexico | D-117-CV-2014-00153 |
| Court Address: | |
| Rio Arriba County Courthouse /P.O. Drawer 40 | Assigned Judge: |
| Tierra Amarilla, New Mexico 87575 | The Hon. Sheri A. Raphaelson |
| Court Telephone No.: 505-455-8250 | |

| Plaintiff(s): | Defendant |
| Dolores Tapia, | Name: |
| S.T. and G.T., minor children | Officer John Vigil |
| | c/o Deputy Chief Richard Gallegos |
| v. | |
| | Address: |
| Defendant(s): | 1316 Calle Adelante, Suite E |
| City of Española, | Española, New Mexico 87532 |
| City of Española Police Department, | |
| and John Vigil | |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 2nd day of May, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: 

By: __/s/Jamison Barkley__
Name: Jamison Barkley
Address: 128 Grant Ave. Suite 301
Santa Fe, NM 87501
Telephone: (505) 986-9641; Fax: (505) 214-2005
Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                      )ss
COUNTY OF: *Rio Arriba*  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Rio Arriba* county on the *5th* day of *May 2014*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[X]   to the defendant *Officer Ihu Vigil* (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this ____ day of _____, 20__

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

**OFFICIAL SEAL**
**Patricia Padilla**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _____

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/23/2014 3:46:18 PM
STEPHEN T. PACHECO
Jessica Garcia

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse /P.O. Drawer 40<br>Tierra Amarilla, New Mexico 87575<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-117-CV-2014-00153<br><br>Assigned Judge:<br>The Hon. Sheri A. Raphaelson |
| Plaintiff(s):<br>Dolores Tapia,<br>S.T. and G.T., minor children<br><br>v.<br><br>Defendant(s):<br>City of Española,<br>City of Española Police Department,<br>and John Vigil | Defendant<br>Name: City of Española<br>c/o City Clerk<br><br>Address:<br>405 W. Pasco de Oñate<br>Española, New Mexico 87532 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 2nd day of May, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

By _____
Deputy

/s/Jamison Barkley
Name: Jamison Barkley
Address: 128 Grant Ave. Suite 301
Santa Fe, NM 87501
Telephone: (505) 986-9641; Fax: (505) 214-2005
Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                    )ss
COUNTY OF *Rio Arriba*)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Rio Arriba* county on the *5th* day of *May*, *2014*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

*City of Espanola*

[✓]   to *Lessa Le Mascarenes* (name of person), *City Clerk*,

(title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

Title (if any)

Subscribed and sworn to before me this  5  day of  May  ,  2014[2]

_____
Judge, notary or other officer
authorized to administer oaths

*Notary*
Official title

OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _____

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/23/2014 3:46:18 PM
STEPHEN T. PACHECO
Jessica Garcia

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse /P.O. Drawer 40<br>Tierra Amarilla, New Mexico  87575<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-117-CV-2014-00153<br><br>Assigned Judge:<br>The Hon. Sheri A. Raphaelson |
| Plaintiff(s):<br>Dolores Tapia,<br>S.T. and G.T., minor children<br><br>v.<br><br>Defendant(s):<br>City of Española,<br>City of Española Police Department,<br>and John Vigil | Defendant<br>Name:<br>City of Española Police Department<br>c/o Deputy Chief Richard Gallegos<br><br>Address:<br>   1316 Calle Adelante, Suite E<br>   Española, New Mexico 87532 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County____, New Mexico, this 2nd day of May , 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY _____
     Deputy

By:   /s/ Jamison Barkley
    Name: Jamison Barkley
    Address: 128 Grant Ave. Suite 301
    Santa Fe, NM 87501
    Telephone: (505) 986-9641; Fax: (505) 214-2005
    Email Address: jamison@egolflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _Lio_f_r_r_a_b_a_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Ri_i_Arraba_ county on the _5th_ day of _May_, _2014_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[X ] to *Richard Salazar* (name of person), *City of Espanola Police Dept* _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $50

Signature of person making service

Title (*if any*)

Subscribed and sworn to before me this ___5___ day of ___May___, _2014_

_____
Judge, notary or other officer
authorized to administer oaths
_____Notary_____
Official title

```
OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires _____
```

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]