**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DOLORES TAPIA,** on her own behalf and
**as mother, general guardian, and next friend
of S.T. and G.T.,**

      **Plaintiffs,**

**v.**                               **Case No. 14-CV-510 SCY/RHS
First Judicial District Court Case#
D-117-CV-2014-00153**

**CITY OF ESPANOLA, CITY OF ESPANOLA
POLICE DEPARTMENT, and JOHN VIGIL,**

      **Defendants.**

<u>**ANSWER TO COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS
UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C.  § 1983,
AND STATE TORT VIOLATIONS**</u>

      **COME NOW** the City of Espanola, the City of Espanola Police Department and Officer John Vigil (hereinafter "Defendants") by and through their counsel of record Basham & Basham, P.C. (Mark A. Basham appearing) and answer Plaintiffs' Complaint for Violations of Civil and Constitutional Rights under the United States Constitution and 42 U.S.C. § 1983 and State Tort Violation (hereinafter "Complaint") as follows:

1.  Defendants are without sufficient information to form a belief as to the allegations contained Paragraphs 1 – 3 of the Complaint and, therefore, deny them.

2.  Defendants admit the allegations contained in Paragraphs 4 – 9 of the Complaint.

3.  Defendants state the allegations contained in Paragraphs 10 – 15 of the Complaint are legal conclusions requiring no response.  To the extent responses are required the allegations are denied.

4.  Defendants admit the allegations contained in Paragraphs 16 and 17 of the Complaint.

5.  Defendants state the allegations contained in Paragraphs 18 – 20 of the Complaint are legal conclusions requiring no response.  To the extent responses are required the allegations are denied.

6.  Defendants admit the allegation in Paragraph 21of the Complaint that this court has jurisdiction but deny that it is a court of general jurisdiction.

7.  Defendants deny the allegations contained in Paragraph 22 of the Complaint.

8.  Defendants are without sufficient information as to the allegations contained in Paragraph 23 of the Complaint and, therefore, deny them.

9.  Defendants deny the allegations contained in Paragraph 24 of the Complaint as a southern portion of COE is located in Santa Fe County.

10.  Defendants are without sufficient information as to the allegations contained in Paragraph 25 of the Complaint and, therefore, deny them.

11.  Defendants state the allegations contained in Paragraphs 26 and 27 of the Complaint are legal conclusions requiring no response.  To the extent responses are required the allegations are denied.

12.  Defendants admit the allegations contained in Paragraph 28 of the Complaint.

13.  Defendants are without sufficient information as to the allegations contained in Paragraphs 29 and 30 of the Complaint and, therefore, deny them.

14.  In Paragraph 31 of the Complaint the Defendants admit that it was dark but are without sufficient information as to the remaining allegations and, therefore, deny them.

15.  Defendants are without sufficient information as to the allegations contained in Paragraphs 33 – 37 of the Complaint and, therefore, deny them.

16.  Defendants deny the allegations contained in Paragraphs 38 – 46 of the Complaint.

17.  Defendants admit that Officer Vigil called his supervisor as alleged in Paragraph 47 of the Complaint but deny all remaining allegations.

18.  Defendants admit that Officer Vigil's supervisor, Jose Talache, arrived at the scene as alleged in Paragraph 48 of the Complaint but deny all remaining allegations.

19.  Defendants deny the allegations contained in Paragraphs 49 – 67 of the Complaint.

20.  Defendants are without sufficient information as to the allegations contained in Paragraphs 68 - 84 of the Complaint and, therefore, deny them.

21.  With respect to Paragraph 85 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

22.  With respect to Paragraphs 86 and 87 of the Complaint the allegations are legal conclusions that require no response.

23.  With respect to Paragraphs 88 – 91 of the Complaint they are denied as Officer Vigil did not enter the van.

24.  With respect to Paragraph 92 of the Complaint the allegation is a legal conclusion requiring no response.

25.  Defendants admit the allegations contained in Paragraphs 93 and 94 of the Complaint.

26.  Defendants are without sufficient information as to the allegations contained in Paragraph 95 of the Complaint and, therefore, deny them.

27.  Defendants deny the allegations contained in Paragraphs 96 – 98 of the Complaint.

28.  With respect to Paragraph 99 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

29.  With respect to Paragraph 100 of the Complaint the allegation is a legal conclusion requiring no response.

30.  Defendants deny the allegations contained in Paragraphs 101 – 106 of the Complaint.

31.  With respect to Paragraphs 107 and 108 of the Complaint the allegations are legal conclusions requiring no response.

32.  Defendants deny the allegations contained in Paragraph 109 of the Complaint.

33.  Defendants admit the allegation contained in Paragraph 110 of the Complaint.

34.  With respect to Paragraph 111 of the Complaint the Defendants admit that Officer Vigil was acting within the scope of his duties and employment but deny the remaining allegations.

35.  Defendants are without sufficient information as to the allegations contained in Paragraph 112 of the Complaint and, therefore, deny them.

36.  Defendants dent the allegations contained in Paragraphs 113 – 115 of the Complaint.

37.  With respect to Paragraph 116 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

38.  With respect to Paragraph 117 of the Complaint the allegation is a legal conclusion requiring no response.

39.  Defendants deny the allegations contained in Paragraphs 118 – 123 of the Complaint.

40.  With respect to Paragraphs 124 and 125 of the Complaint the allegations are legal conclusions requiring no response.

41.  Defendants deny the allegations contained in Paragraph 126 of the Complaint.

42.  Defendants admit the allegation contained in Paragraph 127 of the Complaint.

43.  With respect to Paragraph 128 of the Complaint the Defendants admit that Officer Vigil was acting within the scope of his duties and employment but deny the remaining allegations.

44.  Defendants are without sufficient information as to the allegations contained in Paragraph 129 of the Complaint and, therefore, deny them.

45.  Defendants deny the allegations contained in Paragraphs 130 – 132 of the Complaint.

46.  With respect to Paragraph 133 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

47.  Defendants deny the allegations contained in Paragraphs 134 – 136 of the Complaint.

48.  Defendants admit the allegations contained in Paragraph 137 of the Complaint.

49.  With respect to Paragraph 138 of the Complaint the Defendants admit that Officer Vigil was acting within the scope of his duties and employment but deny the remaining allegations.

50.  Defendants deny the allegations contained in Paragraphs 139 – 142 of the Complaint.

51.  With respect to Paragraph 143 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

52.  Defendants deny the allegations contained in Paragraphs 144 – 146 of the Complaint.

53.  Defendants admit the allegations contained in Paragraph 147 of the Complaint.

54.  With respect to Paragraph 148 of the Complaint the Defendants admit that Officer Vigil was acting within the scope of his duties and employment but deny the remaining allegations.

55.  Defendants deny the allegations contained in Paragraphs 149 – 152 of the Complaint.

56.  With respect to Paragraph 153 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

57.  Defendants deny the allegations contained in Paragraphs 154 – 156 of the Complaint.

58.  Defendants admit the allegations contained in Paragraph 157 of the Complaint.

59.  With respect to Paragraph 158 of the Complaint the Defendants admit that Officer Vigil was acting within the scope of his duties and employment but deny the remaining allegations.

60.  Defendants deny the allegations contained in Paragraphs 159 – 162 of the Complaint.

61.  With respect to Paragraph 163 of the Complaint, Defendants reassert all their prior responses to the previous paragraphs as if fully set forth herein.

62.  Defendants deny the allegations contained in Paragraphs 164 – 171 of the Complaint as well as Plaintiffs' payer for relief (a) – (e).

63.  Any allegation not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Defendants breached no duty owed to Plaintiffs.

3.      Defendants activities were lawful, in good faith and in the exercise of governmental functions.

4.      At all times relevant hereto, the Defendants actions were reasonable, proper and constitutional.

5.      If Plaintiffs suffered any injury and damages, such were unavoidable and not caused by Defendants.

6.      Any detriment or damages allegedly suffered by the Plaintiffs was due to and caused by Plaintiffs' own acts and conduct.

7.      If Plaintiffs suffered any detriment, such was not caused by the Defendants.

8.      Plaintiffs failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9.       The Defendant law enforcement officer was, at all times relevant hereto, duly qualified, appointed and acting law enforcement officer and at all times relevant hereto was engaged in the performance of his regularly scheduled duties as a law enforcement officer.

10.     The Defendant law enforcement officer is not liable for his acts or omissions while exercising due care in the execution or enforcement of the law.

11.     Plaintiffs failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

12.     Defendant law enforcement is entitled to qualified immunity

13.     The Defendant law enforcement officer is not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

14.     The actions of the Defendant law enforcement officer was lawful and proper.

15.     The force, if any, used on Plaintiffs was reasonable and necessary under the circumstances.

16.     Plaintiffs have failed to allege, nor can she prove, participation in ratification of or acquiescence by the governmental City Defendant Espanola in the actions of the Defendant law enforcement officer.  As such, Plaintiffs have failed to state a claim for relief pursuant to 42 U.S.C. §1983.

17.     The doctrine of respondeat superior is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

18.     Plaintiffs have failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Defendant law enforcement officer and an express or implied directive or operating procedure of the City of Espanola or City of Espanola Police Department.

19.     Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, these Defendants are not liable for exemplary or punitive damages.

20.     Defendants reserve the right to add additional affirmative defenses as discovery takes

place.

        **WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiffs' claims

with prejudice, award them their costs and attorneys' fees in the defense of this matter, and for

such other and further relief that the Court deems is appropriate.

                                        Respectfully submitted by:

                                        Basham & Basham, P.C.

                                        ***Electronically filed 06/13/14***
                                        ***/s/ Mark A. Basham***_____
                                        Mark A. Basham
                                        2205 Miguel Chavez, Suite A
                                        Santa Fe, New Mexico 87505
                                        505-988-4575
                                        Fax: 505-992-6170
                                        mbasham@bbpcnm.com
                                        Attorneys for Espanola Defendants


                            **<u>CERTIFICATE OF SERVICE</u>**

        I HEREBY CERTIFY that on the 13th day of June, 2014, I filed the foregoing Defendants'
Answer to Plaintiff's Complaint, which caused counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing:

John W. Day
Jamison L. Barkly
128 Grant Avenue
Santa Fe, NM  87501
jday@egolflaw.com
jamison@egolflaw.com
***Attorneys for Plaintiffs***


                                        ***/s/ Mark A. Basham***_____
                                        Mark A. Basham